```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
PEDRO JUAN FERMIN,

                Petitioner,

      - against -                          07 Civ. 3406 (JES)
                                            01 Cr.  502 (JES)
UNITED STATES OF AMERICA,
                                           SUMMARY ORDER

                Respondent.
---------------------------------------X
```

The above-captioned action having come before the Court, and on or about May 23, 2002 petitioner having entered a plea of guilty to the charge of conspiracy to distribute narcotics, and the Court having sentenced petitioner on or about January 31, 2003 to 87 months' imprisonment, to be followed by five years' supervised release, and having imposed a $200 special assessment, and petitioner subsequently having appealed his sentence, and the Court of Appeals having affirmed the judgment of conviction, and petitioner having filed a petition for writ of certiorari, and the Supreme Court having denied the petition on October 4, 2004, and petitioner having submitted a motion pursuant to 28 U.S.C. § 2255 on or about March 23, 2007 challenging his conviction in this Court, and the Government having responded on June 27, 2007, and the Court having considered all matters raised, and

**WHEREAS** motions made pursuant to 28 U.S.C. § 2255 must be brought within one year from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255, and

**WHEREAS** petitioner's judgment of conviction became final October 4, 2004, see Clay v. United States, 537 U.S. 522, 527 (2003), and petitioner did not file his § 2255 Petition until March 23, 2007, and

**WHEREAS** despite defendant's unanswered requests for information regarding the status of his case from his attorney of record, George Guttlien, dated March 21, 2004, December 16, 2004, and September 23, 2005, defendant understood that he could ask the Court for information about his case, as evidenced by his filing a Motion for Case Status/Motion for Clarification and for a Request for Docket Entries dated November 4, 2003, and

**WHEREAS** the doctrine of equitable tolling can, in "rare and exceptional circumstances," Walker v. Jastremski, No. 04-3671, 2005 U.S. App. LEXIS 24557, at *10 (2d Cir. Nov. 15, 2005) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004)), operate to toll the limitations period on motions made pursuant to 28 U.S.C. § 2255 when extraordinary circumstances existed which prevented the filing of a timely petition despite the exercise of reasonable diligence by petitioner throughout the period, see id.; Baldayaque v. United States, 338 F.3d 145, 150-51 (2d Cir. 2003), and

**WHEREAS** these actions resulting in defendant's filing of his petition more than 17 months after the statute of limitations had passed do not exhibit the extraordinary circumstances or reasonable diligence required for equitable tolling, and

**WHEREAS** defendant's petition rests on a claim of ineffective assistance of counsel based on petitioner's allegation that his attorney, George Guttlien, induced him to plead guilty by telling petitioner that he would do no jail time and failing to inform him of the mandatory minimum sentence, and

**WHEREAS** at the time of the plea, the Court informed petitioner that if it did not "accept the arguments of [petitioner's] lawyer, then of course [petitioner] will be facing a ten year mandatory prison sentence" in addition to a period of supervised release, see Gov't Opp., Ex. A, Transcript, dated May 23, 2002, (hereinafter "Tr.") at 9, and the Court informed petitioner that no one could make him any promises regarding his sentence, and the Court asked petitioner if anyone had made him such a promise, and petitioner replied that no one had, see Tr. at 12, it is

**ORDERED** that petitioner's § 2255 Petition shall be and hereby is denied.


Dated:    New York, New York
          July            2007


                                        _____
                                             John E. Sprizzo
                                        United States District Judge

2